Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 JUL 29 PM 3: 44

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIA A. GANGE, JESUS CRUZ CHARFAUROS, ANA A. CHARGAULAF, and JESUS G. AGUIGUI, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT OF GUAM, GUAM ANCESTRAL LANDS COMMISSION by and through its individual Commissioners (for injunctive relief only to prevent a transfer), and DOES One (1) through Three hundred (300), inclusive,<br><br>Defendants | CIVIL CASE NO. CV 1461-10<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 15th day of February, 2013, for hearing on applicant for intervention Vicente P. Crawford's Motion to Intervene. Attorney Curtis Van de veld represented the Plaintiffs, Assistant Attorney General William Bischoff represented the Defendants, and Attorney Michael Phillips represented the applicant for intervention. For the reasons set forth below, the Court DENIES the Motion to Intervene.

Under Rule 24 of the Guam Rules of Civil Procedure and *Limtiaco v. Camacho*, 2009 Guam 7, ¶ 10, "[a]n applicant for intervention must satisfy the following four criteria before a

motion to intervene can be granted: (1) the motion to intervene must be timely; (2) the applicant must have a "significantly protectable interest" relating to the property or transaction that is the subject of the suit; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties." These factors are construed broadly in favor of intervention. *Id.*

### A. Timeliness

Under *Sablan v. GLUC*, 2011 Guam 12, ¶ 12, in considering the timeliness of a motion to intervene, the Court considers three factors: "(1) the stage of the proceedings at the time the applicant seeks to intervene; (2) the prejudice to the other parties if the motion is granted; and (3) the reason for and length of the delay." Here, the applicant sought intervention during the pendency of summary judgment. While the applicant could perhaps have been more prompt in filing its motion, the Court, in considering the first timeliness factor, finds nothing weighing against intervention. Jumping forward to the third timeliness factor, the Court notes that the applicant provides no reason for a somewhat lengthy delay, and this weighs against intervention.

However, "the most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Sablan v. GLUC*, 2011 Guam 12 at ¶ 15 (quoting Wright and Miller). The Plaintiffs have not argued convincingly that any prejudice would result from granting intervention at this stage of the litigation, and the Court cannot see that any would. Accordingly, the Court concludes that the second timeliness factors weighs in favor of intervention, and, in light of this factor's preeminent importance in the timeliness analysis, the

Court concludes that the motion for intervention was timely. The Court thus proceeds to analysis of the other three requirements.

B. Applicant's Interest

The applicant here argues that he has an ownership interest in a Tiyan property retained by the GIAA, and that this is enough to constitute a significantly protectable interest in this litigation for purposes of granting intervention. He points to the report of the Tiyan Taskforce, of which he himself was apparently the chair, attached to Public Law 30-158. He also provides documentation that he argues establishes his decedent Josefina Palacios Crawford's ownership of and interest in a retained Tiyan lot.

The Plaintiffs argue that the applicant's interest is too contingent and too remote from this litigation to justify intervention, citing *Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92, 97 (2d Cir. 1990), in support of the proposition that, where an applicant's legal claim awaits consummated by a merits adjudication at the time of attempted intervention, that claim is not yet sufficiently direct or substantial for purposes of determining whether intervention is appropriate.

As the Plaintiffs point out, Guam law explicitly delegates authority to the GALC to determine the validity of ancestral lands claims. This Court plainly does not have the authority to rule on the merits of the applicant's claim to the retained Tiyan lot in which he argues he has an ownership interest. This Court cannot grant intervention based on its own conjecture as to how the GALC would rule on the applicant's claim. The Court has reviewed the applicant's submissions in support of his motion, and it does not appear to the Court that the GALC has rendered any ruling that the applicant has a valid claim to a retained Tiyan property within the meaning of Public Law 30-158. Accordingly, the Court concludes that the applicant's interest in

this litigation is not yet sufficiently direct or substantial enough to support intervention. On these grounds alone, intervention could be denied, as an applicant for intervention must satisfy all four of the requirements enumerated in *Sablan v. GLUC*, 2011 Guam 12 at ¶ 12.

C. Effect of Disposition

For intervention to be properly granted, the applicant must also be situated such that the denial of intervention would impair his ability to protect his interest. Having determined, as detailed above, that the applicant here has no legally cognizable interest in this litigation, the Court concludes that this requirement is moot in this instance.

However, even if the applicant had a legally cognizable interest in this litigation, the Court would not find him to be situated such that intervention would be necessary for him to protect it. In light of the Attorney General's vigorous defense of this suit and the applicant's apparent lack of any interest or argument distinct from those adequately protected and advanced by the Attorney General, the Court would deny the motion.

D. Inadequacy of Representation by Parties

An applicant for intervention must also show that his interest is inadequately represented by the existing parties. Having already determined that the applicant here has no legally cognizable interest in this litigation, the Court concludes that this requirement is also moot.

However, even if the applicant had the interest he claims to have this litigation, the Court would not find the representation of the existing parties inadequate to protect it. The applicant cites *United States v. Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986), for the proposition that a proposed intervenor is required only to show that representation by the existing parties "may be" inadequate, and that "the burden of making that showing is minimal." Even applying that lenient standard, rather than the rule of *United States v. Hooker Chemicals*

*& Plastics Corp.*, 749 F.2d 968, 987 (2d Cir. 1984) (requiring that an applicant make a "strong showing" of inadequate representation where, as here, the government is acting on behalf of the applicant), the Court finds nothing in the applicant's motion or attachments that would carry even a "minimal" burden to show that representation by the Government "may be" inadequate.

The applicant argues that "none of the current parties in this litigation have demonstrated that they can or will adequately represent [his] interest." Reply to Plaintiff's Opposition to Motion to Intervene, 4; *see also* Memorandum and Points of Authority In Support of Motion to Intervene, 5. But the burden is not on the current parties to demonstrate that their representation is adequate; the burden, however "minimal" it may be, is on applicant to show that representation by the parties is inadequate.

The applicant's assertion, for which he provides no evidence, that the "Defendants at one time or another, have spoken out against Public law 30-158," Reply to Plaintiff's Opposition to Motion to Intervene, 3, is, even if true, insufficient to carry even a "minimal" burden. The Court cannot accept this unverified allegation of fact, but even if it could, the participation of the Attorney General's office in the deliberative process of lawmaking in a democratic society casts no shadow on its ability to uphold, enforce, and defend a properly enacted law.

The applicant's undeveloped arguments attempting distinguish his interest in upholding Public Law 30-158 from the Government's interest in "administration and policy," Reply to Plaintiff's Opposition to Motion to Intervene, 3, likewise fail. The applicant provides no reasoning in support of these claims, and the Court is not convinced of their cogency.

Accordingly, the Court concludes that the applicant's interests are adequately represented by the existing parties. On these grounds alone, intervention could be denied.

## CONCLUSION

For the reasons set forth above, the Court finds that neither intervention of right nor permissive intervention are appropriate in this case. Accordingly, the Motion to Intervene is DENIED.

JUL 29 2013

**IT IS SO ORDERED** this _____ day of July, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

JUL 29 2013